SEYFARTH SHAW LLP
Robert S. Niemann (SBN 087973)
E-mail: rniemann@seyfarth.com
Althea V. Bovell (SBN 200240)
E-mail: abovell@seyfarth.com
Krista L. Mitzel (SBN 221002)
E-mail: kmitzel@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiff
GALLAGHER BENEFIT SERVICES, INC.

ORIGINAL FILED

E-FILING

OCT 2 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

GALLAGHER BENEFIT SERVICES, INC., a Delaware Corporation,

Plaintiff,

v.

JAMES DE LA TORRE, an individual, ANDREINI & COMPANY, a California Corporation,

Defendants.

Case No.

**PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff GALLAGHER BENEFIT SERVICES, INC. ("Gallagher") hereby applies *ex parte* for a Temporary Restraining order and an Order to Show Cause Regarding Preliminary Injunction. The Application is based on the Complaint in this action, this Application, the Memorandum of Points and Authorities filed with this Application, the Proposed Order submitted with this Application, and the declarations of David Brown and Robert S. Niemann filed with this Application.

This action arises from the irreparable injury faced by Gallagher as a result of defendants James De La Torre ("De La Torre") and Andreini & Company ("Andreini"), collectively ("Defendants"), having violated the Computer Fraud and Abuse Act by taking Gallagher's

PLAINTIFF'S EX PARTE APPLICATION FOR TRO AND OSC REGARDING PRELIMINARY INJUNCTION

confidential, proprietary, and trade secret information without authority, having misappropriated and threatening to continue to misappropriate Gallagher's confidential, proprietary and trade secret information by disclosing or utilizing it for the benefit of De La Torre and Andreini, having breached De La Torre's confidentiality and employment agreements with Gallagher, including having breached express employment agreements, the covenant of good faith and fair dealing, and the duty of loyalty owed to Gallagher, and having converted Gallagher's confidential, proprietary and trade secret information and property to gain unfair competition and unfairly interferer with Gallagher's contractual relationships and economic expectancy. Moreover, because the confidential, proprietary, and trade secret information removed from Gallagher were in an electronic format which can be quickly and easily disseminated to a large number of entities, perfectly copied, uploaded onto other computers, and forwarded to other individuals who can further utilize and disseminate the information, Gallagher's *ex parte* application seeks entry of an order that would:

(a) enjoin De La Torre and Andreini from utilizing or disclosing Gallagher's confidential, proprietary and trade secret information;

(b) enjoin Defendants to return to Gallagher its confidential, proprietary and trade secret information;

(c) order Defendants and all parties in active concert or participation with them to return to Gallagher all originals and all copies of files, data, and information removed from Gallagher, including but not limited to, any disc and data removed from Gallagher by De La Torre and all information emailed to De La Torre's personal email account and Andreini email account from Gallagher's email account;

(d) enjoin Defendants and order them to immediately preserve all discs and electronic storage devices to which De La Torre had access, that Andreini must turn over to a third-party investigator representative of Gallagher all electronic storage media, including but not limited to, discs and hard drives accessible to De La Torre at his Andreini work area on which Gallagher's information may reside and that Gallagher be permitted to image and analyze said media and devices to recover Gallagher's confidential, proprietary and trade secret information. Specifically, with regard to media and devices located at Andreini's premises, said media and devices will be impounded and analyzed in consultation with Andreini to guard against access to confidential information legitimately belonging to Andreini;

(e) order Defendants to provide a sworn statement and accounting of the whereabouts of all files, data, and information removed from Gallagher or emailed from Gallagher;

(f) enjoin De La Torre from carrying out any job function at Andreini in which he would have responsibility for or access to products competitive with Gallagher's products on which De La Torre worked while employed by Gallagher;

(g) enjoin Defendants from soliciting Gallagher's clients or prospective clients with whom De La Torre previously negotiated while working at Gallagher, and from placing or accepting their insurance requirements;

(h) enjoin De La Tore to participate in an expedited deposition to assist in the transition of his position to a new employee as required by the Executive Agreement he signed, among other things, and to determine the extent of the misappropriation of Gallagher's confidential and proprietary and trade secret information.

(i) order Defendants to appear before this Court to show cause as to why a preliminary injunction should not issue.

DATED: October 29, 2007

SEYFARTH SHAW LLP

By _____
Robert S. Niemann
Althea V. Bovell
Krista L. Mitzel

Attorneys for Plaintiff
GALLAGHER BENEFITS SERVICES, INC.