```
1  SEYFARTH SHAW LLP
   Robert S. Niemann (SBN 087973)
2  E-mail: rniemann@seyfarth.com
   Althea V. Bovell (SBN 200240)
3  E-mail: abovell@seyfarth.com
   Krista L. Mitzel (SBN 221002)
4  E-mail: kmitzel@seyfarth.com
   560 Mission Street, Suite 3100
5  San Francisco, California 94105
   Telephone: (415) 397-2823
6  Facsimile: (415) 397-8549

7  Attorneys for Plaintiff
   GALLAGHER BENEFIT SERVICES, INC.
8
```

ORIGINAL FILED
OCT 29 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GALLAGHER BENEFIT SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DE LA TORRE, an individual, ANDREINI & COMPANY, a California Corporation,<br><br>Defendants. | Case No.<br><br>**DECLARATION OF ROBERT S. NIEMANN REGARDING NOTICE IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** |

I, ROBERT S. NIEMANN, am a partner in the law firm of Seyfarth Shaw, LLP, counsel of record for plaintiff GALLAGHER BENEFIT SERVICES, INC. ("Gallagher") and am licensed to practice before all the courts of the State of California. I make this declaration in support of Plaintiff's Ex Parte application for Temporary Restraining Order and Order To Show Cause Regarding Preliminary Injunction. If called upon, I could competently testify as to the following:

1. Plaintiff Gallagher should not be required to inform the Defendants of plaintiff's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction. Further, California Civil Code Section 3426.2(3) permits ordering an affirmative act of law enforcement or a private investigator to protect trade secret information.

DECL. OF R. NIEMANN I/S/O PLAINTIFF'S EX PARTE APPLICATION FOR TRO AND OSC REGARDING PRELIMINARY INJUNCTION

2.   The issuance of a temporary restraining order and an order to show cause regarding a preliminary injunction order *ex parte* is justified because the property at issue in this case is in imminent danger of being disseminated, destroyed, altered or used. *See also* Declaration of David Brown filed in support of TRO application. The property was improperly acquired by James De La Torre and Andreini & Company, and threatens to be further disclosed, in violation of De La Torre's employment agreements with Gallagher and the law. *See* Complaint. In that he is no longer employed by Gallagher, the property is not needed by De La Torre for his support or the support of his family. Finally, and as further set forth in the Declaration of David Brown, such electronically stored information is susceptible to easy, quick and large scale dissemination.

3.   If De La Torre or Andreini is given notice of these proceedings and Gallagher's intention to initiate them, they will likely disseminate and/or destroy the evidence of the violation of the Computer Fraud and Abuse Act, the California Trade Secrets Act, and the conversion. In that De La Torre is currently employed by a Gallagher competitor, the resultant harm to Gallagher would be substantial.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. Executed on October 29, 2007, at San Francisco, California.

*[signature]*

Robert S. Niemann