**DAVID JAY MORGAN, ESQ.**
**STATE BAR NUMBER 028994**
**DAVID JAY MORGAN, INC.**
**A PROFESSIONAL CORPORATION**
**1900 O'FARRELL STREET, SUITE 190**
**SAN MATEO, CALIFORNIA 94403**
**TELEPHONE: (650) 286-1212**
**FAX: (650) 286-1216**

**Attorney for Defendants**
**JAMES DE LA TORRE and ANDREINI & COMPANY**

**UNITED STATES DISTRICT COURT**

**IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GALLAGHER BENEFITS SERVICES, INC., a Delaware Corporation,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JAMES DE LA TORRE, and individual, ANDREINI & COMPANY, a California Corporation,**<br><br>**Defendants.** | **CASE NO: C 07 5495 VRW**<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

COME NOW the Defendants JAMES DE LA TORRE, an individual, and ANDREINI & COMPANY, a California corporation, and, in answer to Plaintiff's Complaint on file herein, admit, deny and allege as follows:

1. Defendants deny the allegations contained in Paragraph 1.

2. Defendants admit the allegations contained in Paragraphs 2, 3, 4 and 5, and each of them.

3. Defendants deny the allegations contained in Paragraphs 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21 and 22, and each of them.

4. Defendants admit the allegations contained in Paragraphs 23

and 24, and each of them.

5. Defendants deny the allegations contained in Paragraphs 25, 26, 27, 28, 29, 30, 31 and 32, and each of them.

6. Defendants admit the allegation contained in Paragraph 33.

7. Defendants deny the allegations contained in Paragraphs 34 and 35, and each of them.

8. Defendants admit the allegation contained in Paragraph 36.

9. Defendants deny the allegations contained in Paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48, and each of them.

COUNT ONE
(Breach of Contract Against De La Torre)

10. In answer to the allegations contained in Paragraph 49 of the Complaint, Defendant herewith incorporates his answers to Paragraph 1 through 48 with the same force and effect as if set forth herein in full.

11. Defendant De La Torre admits the allegations contained in Paragraph 50.

12. Defendant denies the allegations contained in Paragraphs 51, 52, 53, 54, 55, 56, 57 and 58, and each of them.

COUNT TWO
(Breach of Implied Covenant of Good Faith and Fair Dealing Against De La Torre)

13. In answer to the allegations contained in Paragraph 59, Defendant incorporates his answers to Paragraphs 1 through 56 with the same force and effect as if set forth herein in full.

14. Defendant denies the allegations contained in Paragraphs 61, 62, 63, 64 and 65, and each of them.

/////

/////

COUNT THREE
(Breach of Duty of Loyalty Under Cal. Labor Code §§2854 & 2859 Against De La Torre)

15. In answer to the allegations contained in Paragraph 66, Defendant incorporates his answers to Paragraphs 1 through 63 with the same force and effect as if set forth herein in full.

16. Defendant admits the allegations contained in Paragraph 67.

17. Defendant denies the allegations contained in Paragraphs 68, 69, 70, and each of them.

COUNT FOUR
(Violation of the Computer Fraud and Abuse Act, 18, U.S.C. §1030, *et. seq.*, Against De La Torre and Andreini)

18. In answer to the allegations contained in Paragraph 71, Defendants herewith incorporate their answers to Paragraphs 1 through 68 with the same force and effect as if set forth herein in full.

19. Defendants admit the allegations contained in Paragraph 72.

20. Defendants deny the allegations contained in Paragraphs 73, 74, 75, and each of them.

COUNT FIVE
(Misappropriation of Trade Secrets, Cal. Civ. Code §3426 *et. seq.* Against De La Torre and Andreini)

21. In answer to the allegations contained in Paragraph 76, defendants herewith incorporate their answers to Paragraphs 1 through 73 with the same force and effect as if set forth herein in full.

22. Defendants deny the allegations contained in Paragraphs 77, 78, 79, 80, 81, 82, 83 and 84, and each of them.

COUNT SIX
(Common Law Unfair Competition Against De La Torre and Andreini)

23. In answer to the allegations contained in Paragraph 85, Defendants incorporate their answers to Paragraphs 1 through 82 with the same force and effect as if set forth herein in full.

24. Defendants deny the allegations contained in Paragraphs 86, 87 and 88, and each of them.

COUNT SEVEN
(Unfair Business Practices Under Cal. Bus. & Prof. Code §17200 *et. seq.* Against De La Torre and Andreini)

25. In answer to the allegations contained in Paragraph 89, Defendants herewith incorporate their answers to Paragraphs 1 through 86 with the same force and effect as if set forth herein in full.

26. Defendants deny the allegations contained in Paragraphs 90, 91, 92 and 93, and each of them.

COUNT EIGHT
(Tortious Interference With Contractual Relationship Or Business Expectancy Against De La Torre and Andreini)

27. In answer to the allegations contained in Paragraph 94, Defendants herewith incorporate their answers to Paragraphs 1 through 91 with the same force and effect as if set forth herein in full.

28. Defendants deny the allegations contained in Paragraphs 95, 96, 97 and 98, and each of them.

COUNT NINE
(Tortious Interference With Contractual Relationship Against Andreini)

29. In answer to the allegations contained in Paragraph 99, Defendant herewith incorporates its answers to Paragraphs 1 through 96, with the same force and effect as if set forth herein in full.

30. Defendant denies the allegations contained in Paragraphs 1010, 101 and 102, and each of them.

COUNT TEN
(Conversion Against De La Torre)

31. In answer to the allegations contained in paragraph 103, Defendant herewith incorporates his answers to paragraphs 1 through 100 with the same force and effect as if set forth herein in full.

32. Defendant denies the allegations in Paragraphs 104, 105, 106, 107 and 108, and each of them.

AS AND FOR A FIRST SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, Defendants allege that the agreements referred to in COUNT ONE are void, unenforceable and against the public policy of the State of California in accordance with Business and Professions Code §16600.

AS AND FOR A SECOND SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, Defendants allege that Plaintiff should be estopped from requiring a 14-day written notice of termination because Defendant De La torre was ordered to leave the premises immediately, thereby constituting a waiver by Plaintiff to require 14 days' notice.

AS AND FOR A THIRD SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, Defendants allege that there were no trade secrets that were entrusted to Defendant De La Torre or were misappropriated by either Defendant herein because none of the information claimed by Plaintiff in its Complaint meets the definition of "trade secret" as defined in California Civil Code §3426, *et. seq.*

AS AND FOR A FOURTH SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, if, in fact, there were any trade secrets that existed as a result of the manner in the way Defendant De La Torre did business marketing life and disability insurance to Federal employees, those trade secrets were the property of Defendant De La Torre having been developed by him before his employment with Plaintiff and Plaintiff having paid him nothing in consideration for a transfer of those trade secrets.

AS AND FOR A FIFTH SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, Defendants allege that the manner in which they are competing with Plaintiff is lawful and fair.

AS AND FOR A SIXTH SEPARATE, FURTHER AND AFFIRMATIVE DEFENSE, an insured has the absolute right through the use of a "broker of record" letter to change insurance brokers. If Plaintiff had any expectations that those current clients would continue to work with Gallagher, those expectations were not reasonable.

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by virtue of any of the 10 Counts alleged in Plaintiff's Complaint;

2. That Defendants be henceforth dismissed with cost of suit and fees herein incurred; and

3. That the Court grant such other and further relief as it deems just and proper under the circumstances.

Dated this 9th day of November 2007.

DAVID JAY MORGAN, INC.
A Professional Corporation

/s/
David Jay Morgan