1  **DAVID JAY MORGAN, ESQ.**
   **STATE BAR NUMBER 028994**
2  **DAVID JAY MORGAN, INC.**
   **A PROFESSIONAL CORPORATION**
3  **1900 O'FARRELL STREET, SUITE 190**
   **SAN MATEO, CALIFORNIA   94403**
4  **TELEPHONE:      (650) 286-1212**
   **FAX:            (650) 286-1216**
5
   **Attorney for Defendants**
6  **JAMES DE LA TORRE and ANDREINI & COMPANY**

7
                    **UNITED STATES DISTRICT COURT**
8
            **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**
9
   **GALLAGHER BENEFITS SERVICES,** )    CASE NO: C 07 5495 VRW
10 **INC., a Delaware Corporation,** )
                                     )    MEMORANDUM OF POINTS AND
11      **Plaintiff,**                )    AUTHORITIES IN OPPOSITION
                                     )    TO APPLICATION FOR RESTRAINING
12 **v.**                             )    ORDERS
                                     )
13 **JAMES DE LA TORRE, and**         )
   **individual, ANDREINI &**         )
14 **COMPANY, a California**          )
   **Corporation,**                   )
15                                    )
        **Defendants.**                )
16 _____   )

17     At a hearing conducted on 5 November 2007, Defendants James De La

18 Torre and Andreini & Company stipulated to four requested restraining

19 orders and refused to agree to a restraining order prohibiting them

20 from soliciting accounts of Gallagher which Defendant De La Torre

21 serviced there while employed, or which prohibited Defendants De La

22 Torre and Andreini from accepting such business.  This memorandum

23 addresses that issue.

24     Business & Professions Code §16600 provides as follows:
           "Except as provided in this chapter, every contract by
25     which anyone is restrained from engaging in a lawful
       profession, trade or business of any kind is to that extent
26     void."

27     Exceptions to this rule appears in §§16601 and 16602 but are not

28

1  pertinent in the instant case.

2      An ex-employee has the right to compete with his ex-employer
3  provided the competition is fair.  This means that the ex-employee is
4  not using trade secrets he learned while with his ex-employer in order
5  to compete.  <u>Moss, Adams & Co. v Shilling</u> (1986) 179 Cal.App.3d 124;
6  <u>Gordon Termite Control v Terrones</u> (1978) 84 Cal.App.3d 176.

7      The leading case on this issue is <u>American Credit Indemnity Co.
8  v. Sacks</u> (1989) 213 Cal.App.3d 622.  In that case, American Credit
9  Indemnity Co. (ACI) was in the unique business of insuring accounts
10 receivable.  Accounts receivable insurance is very rare and, on
11 average, a person soliciting this business has to contact many people
12 before a sale is concluded.  It is first necessary to educate
13 potential customers as to the type of insurance that is being sold.
14 Only 6 1/2% of the population solicited purchases credit insurance.

15     Mrs. Sacks worked for ACI as a sales person and developed much
16 renewal business.  She resigned from ACI and sent a letter to
17 approximately 50 policyholders that she had served and stated:

18 > "After almost 15 years as both an agent and
19 > policyholder, I have left ACI and am very pleased to
20 > announce the formation of an independent insurance agency.
21 > I shall continue to specialize in Credit Insurance but will
22 > now primarily be representing Fidelity and Deposit Company
23 > of Maryland, who is offering companies a very interesting
24 > alternative to the types of policies being written by both
25 > ACI and Continental.  If you would like to learn more about
26 > the F&D policy, I will be happy to discuss it in detail with
27 > you when you are ready to review your ongoing credit
28 > insurance needs at renewal time.  In the meantime, ACI will
> assign a new agent to your policy.  If I can be of
> assistance to you during the transition period or answer any
> questions for you at any time, please do not hesitate to
> call me.  I have really enjoyed our past association and
> hope we don't lose touch."

    The court held that this was more than a notice of changing
employment as was involved in <u>Moss, Adams & Co. v Shilling</u>, *supra*.

1  The identity of these customers, the court held, constituted a
2  trade secret belonging to ACI. The renewal rate among existing
3  customers was extremely high. ACI had solicited thousands of people
4  before they developed a solid business base of customers.
5  For Mrs. Sacks to take that list that was so difficult to compile
6  and to use it to directly compete against ACI was unfair competition.
7  The court found the letter to constitute a solicitation.
8  In the instant case, there was no trade secret that belonged to
9  Gallagher. The marketing format and programs were developed by
10 Defendant De La Torre before he joined Gallagher and when he was
11 affiliated with Gallagher they used these marketing devices without
12 paying him for them.
13 Further, Gallagher had nothing to do with the marketing of this
14 insurance. They did not determine the type of coverage available or
15 the pricing.
16 In the case of <u>Edwards v Arthur Andersen LLP</u> (2006) 142
17 Cal.App.4th 603, the court held that <u>Business and Professions Code</u>
18 §16600 was a public policy statute and had to be strictly construed.
19 Edwards was restricted by contract for a period of 18 months from
20 performing professional services of the type he had provided while at
21 Andersen for any client on whose account he had worked during 18
22 months prior to his termination. He was, thereafter, prevented from
23 soliciting any of those accounts for one year.
24 In fact, the <u>Edwards</u>' court disapproved of the 9th Circuit's
25 "narrow restraint" exception to §16600. That exception provides that
26 a non-competition agreement does not violate §16600 so long as the
27 restriction imposed is limited and leaves a substantial portion of the
28

market available to the employee. The California Appellate Court held that the "narrow restriction" is a misapplication of California law when applied to an employee's non-competition agreement being construed under California law.

The contention of Gallagher that the method of marketing life and disability insurance to Federal employees is a trade secret belonging to them is unfounded.

In the first place, there are many other companies that do business the same exact way, with educational programs. This is because of prohibitions to sell insurance on government property during government time.

Second, Gallagher never did market disability and life insurance to Federal employees in that manner before Defendant De La Torre became employed. He had developed seminars and educational programs before he went to work for Gallagher and was never paid by Gallagher for those marketing methods. If, in fact, there are trade secrets, they belong to Defendant De La Torre, and not to Gallagher.

In Metro Traffic Control Inc. v Shadow Traffic Network (1994) 22 Cal.App.4th 853, several employees of Metro Traffic Control terminated their employment. These were helicopter pilots who flew over Los Angeles freeways broadcasting traffic conditions on the radio. They, thereafter, went to work for Shadow Traffic Network, a competitor.

In determining that Shadow Traffic Network was not guilty of unfair competition because there were no trade secrets belonging to Metro Traffic Control, at page 861, the court stated as follows:

> "Any attempt to restrict competition by the former employee by contract appears likely to be doomed under section 16600 of the Business and Professions Code, unless the restriction is carefully limited and the agreement

1     protects merely a proprietary or property right of the employer recognized as entitled to protection under the general principles of unfair competition.  In other words, it seems that the employer will be able to restrain by contract only that conduct of the former employee that would have been subject to judicial restraint under the law of unfair competition, absent the contract."

5     The court then analyzed the contention of Metro Traffic Control as to what they thought constituted a trade secret.  Metro Traffic Control described this as "KFWB's (the radio station on which they broadcasted) very strict and particular requirements regarding the quality, sound and personality of the announcers reporting over it airways."

11     The court held that was not a trade secret as defined in <u>Civil Code</u> §3426.1(d)(1):

13     "It appears that Metro's battery of radio announcers had the 'quality, sound and personality' required by KFWB.  These are subjective dimensions of the employees who were found acceptable to and approved by KFWB and not part of an informational base belonging to Metro."

16     In the instant case, the educational seminars given by Defendant De La Torre to government employees explaining their existing benefits and advising them of supplemental coverages that could be obtained is not any information provided by Gallagher.  It was completely developed by Defendant De La Torre and Gallagher cannot complain that Defendant De La Torre is soliciting or competing with Gallagher.

22     For the foregoing reasons, it is respectfully submitted that the request for a preliminary restraining order prohibiting Defendants Andreini & Company and James De La Torre from soliciting the business of customers Defendant De La Torre did business with while employed by Gallagher, should be denied.

27 /////

28

CASE NO. C 07 5459 VRW
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO APPLICATION FOR
RESTRAINING ORDERS        5

1   Dated this 9th day of November 2007.

2                                       DAVID JAY MORGAN, INC.
                                        A Professional Corporation
3

4
                                             _____/s/_____
5                                       David Jay Morgan