SEYFARTH SHAW LLP
Robert S. Niemann (SBN 087973)
E-mail: rniemann@seyfarth.com
Althea Bovell (SBN 200240)
E-mail: abovell@seyfarth.com
Krista L. Mitzel (SBN 221002)
E-mail: kmitzel@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Plaintiff
GALLAGHER BENEFIT SERVICES, INC.

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| GALLAGHER BENEFIT SERVICES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JAMES DE LA TORRE, an individual, ANDREINI & COMPANY, a California Corporation,<br><br>Defendants. | Case No. 07 05495 VRW<br><br>**PLAINTIFF GALLAGHER BENEFIT SERVICES, INC.'S OBJECTIONS TO DECLARATION OF JAMES DE LA TORRE FILED IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date:        November 15, 2007<br>Time:       2:30 p.m.<br>Courtroom: 6<br>Honorable Vaughn R. Walker |
|---|---|

Plaintiff respectfully submits the following evidentiary objections to the Declaration of James De La Torre, filed in support of Defendant's Opposition to Motion for Preliminary Injunction:

**DECLARATION OF JAMES DE LA TORRE**

| Objectionable Statement | Grounds for Objection |
|---|---|
| **Page 3:20-3:23:**<br><br>"I was intimately familiar with Gallagher between 1995 and the time I commenced employment with them on October 5, 1998. Gallagher attempted to penetrate the Federal employee market by sending brochures to Federal facilities." | Lacks foundation; improper speculation; assumes facts not in evidence. |

| Page 3:23-24:<br><br>"This is not consistent with acceptable standards of the Federal government." | States an improper legal conclusion. |
|---|---|
| Page 3:24-4:2:<br><br>"As a result, I know of my own knowledge, that on several occasions brochures that were shipped were refused to be off-loaded at Federal facilities and that, because of the serious error in marketing, The Hartford Insurance Company shut down the marketing of the program that Gallagher was attempting to market." | Lacks personal knowledge; lacks foundation; improper speculation; states an improper legal conclusion; assumes facts not in evidence; improper hearsay. |
| Page 4:14-16:<br><br>"In 1998, after Gallagher's program was frozen, they contacted me because, as they explained to me, they had heard about the success I had in my educational programs." | Assumes facts not in evidence; vague and ambiguous; lacks foundation; improper speculation; improper hearsay. See Declaration of Norbert Chung, In Support of Reply to Opposition ("Chung Decl."), ¶ 8. |
| Page 4:18-19:<br><br>"They never paid me any money for using the intellectual property and marketing tools that I had developed long before I became an employee." | Improper legal conclusion; lacks foundation; assumes facts not in evidence. De La Torre has presented no evidence (and cannot, for that matter) that he brought any "intellectual property" or "trade secrets" with him to Gallagher. |
| Page 5:20-26:<br><br>"Gallagher stalled making a commitment to me and, on the 15th day of October 2007, I resigned my position to David Brown. I took no material from Gallagher. In particular, the Power Point presentations were, and still are, with Gallagher. Not only did I not take any information belonging to Gallagher, but I even left my own personal effects." | Misstates facts; lacks foundation; assumes facts not in evidence; See Declaration of Lynell Phillips In Support of Plaintiff's Reply to Opposition, ¶¶ 6-12. |
| Page 5:27-6:1:<br><br>"When David Brown received notice of my resignation, he ordered me to leave the premises immediately." | Misstates facts; improper hearsay; See Declaration of David Brown In Support of Reply to Opposition ("Brown Decl. – Reply"), ¶ 7. |

| | |
|---|---|
| **Page 6:1-5:**<br><br>"By ordering me to leave the premises immediately, I understood that he was waiving the requirement found in my Executive Agreement signed on the 5th of October 1998, and in particular, the requirement that I give 14 days' written notice prior to termination of my employment." | States in improper legal conclusion; assumes facts not in evidence; misstates facts; lacks foundation; improper speculation; improper hearsay. See Brown Decl. – Reply, ¶ 7; See also, Decl. of David Brown In Support Of Ex Parte Application for TRO and Preliminary Injunction, ¶ 20, 27, Ex. F, I and J (filed on Oct. 29, 2007 with moving papers). |
| **Page 6:14-17:**<br><br>"After I departed Gallagher, they advised one or more of the associations that, because of my departure and because no other employee of Gallagher was familiar with want (*sic*) I was doing, there would be a several month delay in Gallagher picking up where I left off." | Assumes facts not in evidence; misstates facts; lacks foundation; improper speculation; improper hearsay. Chung Decl., ¶ 11. |
| **Page 6:20-24:**<br><br>"Gallagher is attempting to compete with Andreini and that is their right. It is likewise Andreini's right to compete with Gallagher because Andreini's competition is not taking advantage of any trade secrets or other proprietary information prepared or owned by Gallagher. The competition with Gallagher is fair and lawful." | States in improper legal conclusion; assumes facts not in evidence; misstates facts; lacks foundation; improper speculation; improper hearsay. |
| **Page 7:2-6:**<br><br>"Aetna Insurance Company is the carrier currently underwriting these programs. The pricing for the insurance products is negotiated between the association and Aetna. Gallagher had nothing to do with establishing the pricing that Aetna would charge Federal employees for the coverage being offered." | Misstates facts; assumes facts not in evidence; lacks foundation; improper speculation. Chung Decl., ¶ 9. |

| | |
|---|---|
| **Page 7:7-13:**<br><br>"Likewise, the benefits that are offered by Aetna are consistent with their standard disability insurance programs and are determined by Aetna without participation or interference by Gallagher. Once the program is adopted and the seminars begin, the Federal employee completes an application for coverage that is submitted to a plan administrator. The plan administrator is an independent company not related to Aetna, Gallagher or the association." | Misstates facts; assumes facts not in evidence; lacks foundation; improper speculation. |
| **Page 7:22-24:**<br><br>"The collateral materials used to sell this insurance were designed and paid for by Aetna, and Aetna considers this to be their 'intellectual property.'" | Misstates facts; lacks foundation. See Chung Decl., ¶ 10. |
| **Page 8:2-7:**<br><br>"It is customary in the insurance brokerage business that the insured be permitted to designate a broker of the insured's choice. If there is an existing broker, then the insured carries out the change by issuing a broker of record letter which is sent to the carrier notifying the carrier that the insured wishes to change brokers." | Improper legal conclusion; improper expert testimony; lacks foundation; improper speculation. |

Respectfully submitted,

DATED: November 14, 2007

SEYFARTH SHAW LLP

By _____
Robert S. Niemann
Althea V. Bovell
Krista L. Mitzel

Attorneys for Plaintiff
GALLAGHER BENEFITS SERVICES, INC.