

560 Mission Street, Suite 3100
San Francisco, California 94105
(415) 397-2823
fax (415) 397-8549
www.seyfarth.com

Writer's direct phone
(415) 732-1109

Writer's e-mail
mburns@seyfarth.com

November 19, 2007

**VIA E-FILING**

The Honorable Vaughn R. Walker
United States District Court
Northern District
450 Golden Gate Avenue
16th Floor, #1111
San Francisco, CA 94102

    Re:    Gallagher Benefit Services, Inc. v. De La Torre, et al.
            USDC Northern District Case No. C 07 05495 VRW

Dear Judge Walker:

    While we are loathe to send the Court such communications, we are compelled to respond to David Morgan's *ex parte* November 19, 2007 letter regarding the scope of the preliminary injunction issued per the Court's November 16, 2007 Order.

    Initially, we note that Mr. Morgan's letter appears to be nothing more than an improper attempt to re-argue Defendants' case. Even a cursory review of the Court's Order (and the parties' briefs to the Court) reveals that Defendants are enjoined from soliciting and/or placing or accepting business from the clients and prospective clients including the National Counsel of Bankruptcy Clerks ("NCBC") and the Federal Law Enforcement Officers Association ("FLEOA") expressly identified therein. Court Order, pp. 10-11.

    Despite the plain language of the Court's Order, Mr. Morgan nonetheless proclaims "surprise" that the NCBC and FLEOA were "included in the restraining order." (sic). Mr. Morgan then appears to argue (as he did in Court) that his clients should not be enjoined from placing or accepting business from these two entities because they were solicited prior to the date of the temporary restraining order.

    As we recall, there was discussion about this issue at the hearing. After the Court indicated that it was going to grant Gallagher Benefit Services' ("Gallagher") request for a preliminary injunction, Mr. Morgan asked if his clients' previous solicitation of NCBC and FLEOA would run afoul of the Court's Order. The Court said no. We then asked the Court to confirm that its Order meant that Defendants could not place and/or accept business from Gallagher's clients including

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



The Honorable Vaughn R. Walker
November 19, 2007
Page 2

NCBC and FLEOA during the pendency of the preliminary injunction. In response, the Court said yes.

Finally, Gallagher will submit to the Court a bond in the amount of $30,000.00  Please let us know whether the initial $25,000.00 will be returned to Gallagher, or whether both will be held until the termination of the preliminary injunction.

Very truly yours,

SEYFARTH SHAW LLP

Michael J. Burns

MJB:njd
cc:   David Morgan, Esq.

SF1 28308143.1